IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| EDDIE GARCIA § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO._____ |
| § | JURY DEMANDED |
| PALOMAR SPECIALTY § | |
| INSURANCE COMPANY § | |
| Defendant § | |

### DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Palomar Specialty Insurance Company, in Cause No. C-5882-15-B, pending in the 93rd District Court, Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and respectfully shows:

### I.
### FACTUAL BACKGROUND

1.1     On or about December 1, 2015, Plaintiff filed his Original Petition in the matter styled *Eddie Garcia v. Palomar Specialty Insurance Company*, in the 93rd District Court, Hidalgo County, Texas, in which Plaintiff made a claim for damages to his home under a homeowner's insurance policy.

1.2     Plaintiff served Palomar Specialty Insurance Company (hereinafter "Palomar") with Plaintiff's Original Petition and process on December 22, 2015.

1

1.3     Plaintiff's Original Petition states that his property sustained hail and/or wind damages.  *See* Plaintiff's Original Petition § III, at 2.

1.4     Simultaneously with filing of this notice of removal, attached hereto as Exhibit "A", is the Index of Matters Being Filed.  A copy of the Hidalgo County District Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings, and orders.  Attached hereto as Exhibit "C", is the Designation of Counsel.

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332, 1441(a), and 1446.

2.2     Plaintiff is, and was at the time the lawsuit was filed, a resident of the State of Texas.  *See* Plaintiff's Original Petition § II, at 1.

2.3     Defendant Palomar is incorporated as an Oregon-domiciled insurance company, and has its principal place of business in California.  Accordingly, Palomar is not a citizen of Texas.

**A.  There is Complete Diversity.**

2.4     It is undisputed that Plaintiff is a citizen of Texas.  Because Defendant Palomar is a foreign defendant, there is complete diversity in this case, thus making removal appropriate.  *See* 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

2.5     Palomar is incorporated as an Oregon-domiciled insurance company, and has its principal place of business in California, not Texas.  Accordingly, Palomar is a citizen of both the States of Oregon and California.

2.6     Because there is complete diversity, removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.

2.7     Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). The amount in controversy is determined at the time of filing the notice of removal, based on the then-existing state court petition, exclusive of interest and costs. 28 U.S.C. §1332; *see also White v. FCI USA*, 319 F. 3d 672, 674 (5th Cir. 2003).

2.8     Here, Plaintiff has asserted various causes of action against Palomar, including breach of contract, violations of Chapter 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. *See* Plaintiff's Original Petition § V(A)-(C), at 5-7. Plaintiff's Original Petition seeks numerous forms of damages, including compensatory damages, consequential damages, statutory penalties, treble damages, exemplary damages, and attorney's fees. *See* Plaintiff's Original Petition § VII, at 7-8.

2.9     Plaintiff's Original Petition states that Plaintiff "seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate." Plaintiff's Original Petition § X, at 10. Therefore, Plaintiff is seeking damages in excess of the jurisdictional minimum of $75,000. *See Hunting v. BASF Corp.*, No. 4:08-CV-03651, 2009 WL 7799499 at *2 (S.D. Tex. Mar. 30, 2009).

2.10    The foregoing statement, together with the various claims for damages sought by Plaintiff, satisfies the amount-in-controversy jurisdictional requirement.  Thus, Defendant Palomar has met the requirements to remove this case to federal court.  *See Vielma v. ACC Holding, Inc.*, No. EP–12–CV–501–KC, 2013 WL 3367494 (W.D. Tex. 2013).

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Palomar was first served with Plaintiff's Original Petition and process on December 22, 2015.  Defendant Palomar files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending, and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. § 1446(d), promptly after Palomar files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.4    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Palomar files this Notice.

### IV.
### CONCLUSION

4.1    Based upon the foregoing, the exhibits submitted in support of this Removal, and other documents filed contemporaneously with this Notice of Removal and

fully incorporated herein, Defendant Palomar Specialty Insurance Company hereby removes this case to this Court for trial and determination.

                By:    /s/ Thomas F. Nye

Thomas F. Nye
Attorney-in-charge
State Bar No. 15154025
Southern Dist. No. 7952
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001
tnye@gnqlawyers.com

**ATTORNEY FOR DEFENDANT
PALOMAR SPECIALTY
INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361)654-7001

Mikell A. West
State Bar No. 24070832
Southern Dist. No. 1563058
mwest@gnqlawyers.com

## CERTIFICATE OF SERVICE

I certify that on January 20, 2016, a copy of Defendant Palomar Specialty Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiff Eddie Garcia:

*Attorneys for Plaintiff*
Kevin S. Baker
Mahsa Tajipour
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232
**Via CM/RR #7012 2920 0001 5084 8029**

       /s/Thomas F. Nye
Thomas F. Nye